John D. Bennett, S.
This is a construction proceeding in which the court is requested to construe the following portion *928 of decedent’s will: “ In connection with the said separate trust funds hereinbefore mentioned for my said children, I authorize and empower my said Executors, in their discretion, to pay and advance out of the principal, such sum or sums as may be requested from time to time by my said children, provided that there shall not be advanced to any such child out of the principal of the fund set apart for that child a greater sum in any one year than five (5%) per cent of the principal of the fund set apart for that child. ”
The petitioner herein is the trustee of one of the trusts created for the benefit of decedent’s daughter, Helen B. Turner, under the provisions of the will.
The said Helen B. Turner, 73 years old, resides in Arizona, where she has been judicially declared incompetent, and where a domiciliary guardian was appointed for her. In 1956 the Supreme Court, New York County, appointed the Arizona guardian to serve as ancillary committee in New York. An affidavit filed by the committee states that the incompetent is in poor health, and there is a need for funds to provide for her care.
The petitioner seeks to have the court determine whether, upon the request of the committee, the petitioner may invade the principal of the trust or, in the alternative, whether the court can, in its own discretion, authorize such an invasion.
Both the special guardian for the incompetent, and the special guardian representing the interests of remaindermen, have filed reports taking the position that the right to make the request is a personal one in this case, and in any event that the committee lacks the power to make such a request on behalf of the incompetent. Cases are cited to support these contentions.
The court is inclined to agree with the position of the petitioner in its memorandum of law submitted herein. Each of the decisions in the cases cited in opposition to the relief requested rests on its own facts. In the case at bar, there is no doubt that the prime concern of the testator was to provide for his children. The right to make a request of payment from the principal of the trust is construed in this case as not being a personal right to elect to demand money, since the real authority to pay out of principal is in the hands of the executors “in their discretion”. By the terms of the paragraph construed herein, the request then becomes a matter of formality to enable the executors in their discretion to determine the advisability of making the payment requested, in keeping with the intent of the testator to provide for his children.
Matter of Harris (193 Misc. 919) clearly indicates that a right such as the one given to the incompetent in this case does not *929 involve the exercise of a personal privilege to elect between alternative and inconsistent rights. This court is unable to find authority which would deny the committee herein the power to make the request on behalf of the incompetent herein in this case.
It is not necessary under the circumstances to decide whether the court can, in its own discretion, authorize the invasion of principal at this time. The court finds that the executor, in its discretion, may invade the principal of the trust fund of the incompetent herein, upon request of her ancillary committee, to the extent permitted by the terms of the will. Settle decree on five days’ notice, with three additional days, if service is made by mail.